UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

* * * * * * * * * * * * * * * * * * *

Delmer Lee Grace,

Plaintiff,

vs. REPORT AND RECOMMENDATION

Dakota County Jail
and Administration,

Defendants. Civ. No. 01-1718 (JMR/RLE)

* * * * * * * * * * * * * * * * * * *

At Duluth, in the District of Minnesota, this 11th day of October, 2001.

## I. Introduction

This matter came before the undersigned United States Magistrate Judge pursuant to a general assignment, made in accordance with the provisions of Title 28 U.S.C. §636(b)(1)(B), upon the Plaintiff's Application to Proceed in forma pauperis. The Plaintiff appears pro se and, in view of the fact that his Complaint has yet to be served, no appearance has been made on behalf of the Defendants.

For reasons which follow, we recommend that the Complaint be dismissed without prejudice, as frivolous, and that the Plaintiff's Application to Proceed in forma pauperis be denied, as moot.

FILED OCT 11 2001
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD________
DEPUTY CLERK________

## II. Factual and Procedural Background

On September 18, 2001, the Plaintiff filed a Complaint with the Clerk of Court, together with an Application to Proceed in forma pauperis. His Complaint, against the Dakota County Jail, in Hastings, Minnesota, and the Dakota County Jail Administration, relates that jail authorities unlawfully confiscated copies of a publication, of which he was the editor, entitled "The Lockdown Times." He further alleges that, as a result of his participation in producing "The Lockdown Times," he was held in segregation for 112 hours before he was given a Hearing, and for a number of days after the Hearing, even though other inmates, who had allegedly committed graver offenses, were kept in segregation for a shorter period of time. He also states that he was denied the right to call his attorney while he was housed in segregation, and that the officers used unnecessary force against him on one occasion. As a result, he has initiated this present lawsuit.

## III. Discussion

A. Standard of Review. Pursuant to Congressional directive, as well as the preexisting law of this Circuit, actions which have been provisionally commenced in conjunction with an Application to proceed in forma pauperis are to be immediately reviewed -- prior to the service of the process, and prior to a decision on whether to grant in forma pauperis standing -- for possible dismissal for

frivolousness, pursuant to Section 1915(e)(2)(B)(i). See, Title 28 U.S.C. §1915(a); see also, Carney v. Houston, 33 F.3d 893, 895 (8th Cir. 1994), citing Gentile v. Missouri Dept. of Corrections, 986 F.2d 214 (8th Cir. 1993); Ross v. Social Security Admin., 949 F.2d 1021, 1022 (8th Cir. 1991).[1]

When it first extended the right to proceed in forma pauperis, Congress "intended to guarantee that no citizen shall be denied an opportunity to commence, prosecute, or defend an action, civil or criminal, in any court of the United States, solely because * * * poverty makes it impossible * * * to pay or secure the costs of litigation." Denton v. Hernandez, 504 U.S. 25, 31 (1992) [internal

[1]Section 1915(e)(2) was enacted as part of the Prison Litigation Reform Act of 1995 (Pub.L. No. 104-134, 110 Stat. 1321 (1996)) ("the PLRA"). It replaces Section 1915(d), which authorized the dismissal of an in forma pauperis complaint only if it was found to be "frivolous." Neitzke v. Williams, 490 U.S. 317, 325 (1989)(holding that a Complaint is "frivolous" and therefore subject to dismissal under § 1915(d) "where it lacks an arguable basis either in law or in fact"). Section 1915(e)(2), which is applicable to all cases filed after April 26, 1996, (the effective date of the PLRA), provides for dismissal of IFP cases not only where the complaint is "frivolous," (Section 1915(e)(2)(B)(I)), but also where it "fails to state a claim on which relief may be granted" (Section 1915(e) (2) (B) (ii)).

With the enactment of Section 1915(e)(2)(B)(ii), it is no longer necessary for the Court to determine whether the instant complaint is "frivolous." Nevertheless, as a matter of indulgence, we address the Plaintiff's claim under the more lenient "frivolous" standard, and we find that the Plaintiff has not advanced "any rational argument in law or fact entitling him to relief." Williams v. White, 897 F.2d 942, 944 (8th Cir. 1990).

quotations and citations omitted]. At the same time, "Congress recognized that a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." Id. [internal quotations and citations omitted]. Therefore, Congress, as discussed above, has instructed us to sua sponte dismiss any in forma pauperis application, whose underlying complaint is frivolous.[2]

A complaint is frivolous "where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989); Ross v. Social Security Admin., supra. Expressed somewhat more fully, "section 1915 dismissals should be made only where it is determined the lawsuit is baseless and that the plaintiff cannot make any rational argument in law or fact entitling him to relief." Williams v. White, supra at 944. In this reviewing process, pro se

---

[2]Section 1915(e)(2) now states:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that
>
> (A) the allegation of poverty is untrue; or
> (B) the action or appeal-
> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary relief against a defendant who is immune from such relief.

complaints must be liberally construed, and a dismissal is warranted only if the face of the complaint shows some insuperable bar to relief. See, Denton v. Hernandez, supra at 32 (1992); Haines v. Kerner, 404 U.S. 519, 520 (1972); Munz v. Parr, 758 F.2d 1254, 1258 (8th Cir. 1985). Sua sponte dismissals are disfavored. See, Divers v. Department of Corrections, 921 F.2d 191, 193 (8th Cir. 1990); Haley v. Dormire, 845 F.2d 1488, 1490 (8th Cir. 1988). In a close case, the Trial Court should permit the claim to proceed at least to the point where responsive pleadings are required. Neitzke v. Williams, supra at 323; Williams v. White, supra at 943.

In a sua sponte review of a Complaint under Section 1915(e)(2)(i), the Court must assume the task of dissecting the Complaint, and of eliminating mere rhetoric and legal or factual conclusions, in order to rationally determine if there are any sound factual allegations that will constitute a claim upon which relief can be granted on a legally arguable basis. Cf., White v. Bloom, 621 F.2d 276 (8th Cir. 1980), cert. denied, 449 U.S. 995 (1980).

Accordingly, we now review the Plaintiff's Complaint, with the focus of our inquiry being directed by the provisions of Section 1915(e)(2)(B)(i), in order to determine if this action can survive the test of frivolousness. See, Williams v. White, 897 F.2d 942, 944 n. 1 (8th Cir. 1990).

B. Legal Analysis. With these precepts in mind, we find the Plaintiff's claim to be frivolous. The Plaintiff has initiated this suit against the Dakota County Jail, and its administration. However, these entities are not subject to suit for the potentially unconstitutional actions of its employees. See, De La Garza v. Kandiyohi County Jail, 2001 WL 987542, at *1 (8th Cir. August 20, 2001)[unpublished opinion], citing Dean v. Barber, 951 F.2d 1210, 1214 (11th Cir. 1992), Marsden v. Fed. Bureau of Prisons, 856 F. Supp. 832, 836 (S.D.N. Y. 1994), In re Scott County Master Docket, 672 F. Supp. 1152, 1163 n. 1 (D. Minn. 1987), aff'd, Myers v. Scott County, 868 F.2d 1017 (8th cir. 1989). As a result, we are obliged to recommend that the Complaint be dismissed without prejudice, as frivolous, pursuant to Title 28 U.S.C. §1915(e)(2)(B)(i), and that the Application to proceed in forma pauperis be denied.

NOW, THEREFORE, It is --

RECOMMENDED:

That the Plaintiff's Complaint [Docket No. 1] be dismissed without prejudice, as frivolous, pursuant to Title 28 U.S.C. §1915 (e)(2)(B)(i), and that his Application to proceed in forma pauperis [Docket No. 2] be denied as moot.

Raymond L. Erickson
UNITED STATES MAGISTRATE JUDGE

**NOTICE**

Pursuant to Rule 6(a), Federal Rules of Civil Procedure, D. Minn. LR1.1(f), and D. Minn. LR72.1(c)(2), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties **by no later than October 26, 2001,** a writing which specifically identifies those portions of the Report to which objections are made and the bases of those objections. Failure to comply with this procedure shall operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.

If the consideration of the objections requires a review of a transcript of a Hearing, then the party making the objections shall timely order and file a complete transcript of that Hearing **by no later than October 26, 2001,** unless all interested parties stipulate that the District Court is not required by Title 28 U.S.C. §636 to review the transcript in order to resolve all of the objections made.